UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DANIEL A. BERNATH,

        Plaintiff,

v.                                  Case No:   2:16-cv-596-FtM-99MRM

THE AMERICAN LEGION, DON
SHIPLEY, DIANE SHIPLEY,
EXTREME SEAL EXPERIENCE
LLC, MARK CAMERON SEAVEY,
TERRENCE B. HOEY, SCOTT
HUGHES, JONN LILYEA and
SPARKS,

        Defendants.

_____/

## <u>ORDER</u>[1]

This matter comes before the Court on review of the Complaint of Plaintiff *pro se*

Daniel A. Bernath (Bernath) (Doc. #1) filed on August 1, 2016.  Plaintiff Bernath initiated

this action against Defendants based on diversity jurisdiction and filed a 90-page, fifteen-

count Complaint (Doc. #1), purporting to allege causes of action for:

      Count I – Intentional Infliction of Emotional Distress against all Defendants

      Count II – Civil Assault/Attempted Murder by Seavey and his gang members against all Defendants

      Count III – Identify theft, intentional criminal acts by Mark Seavey with civil remedy against all Defendants

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.  Likewise, the Court has no agreements with any of these third parties or their websites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

Count IV – Invasion of Privacy against all Defendants

Count V – Assault against all Defendants

Count VI – Using Plaintiff's image and voice, etc without payment, Invasion of Privacy misappropriation Fla. Stat. §§ 934.03, 934.10, 540.08 against all Defendants

Count VII – Invasion of Privacy, intrusion against all Defendants

Count VIII – Invasion of Privacy, publication of private facts against all Defendants

Count IX – Sexual cyber harassment, Fla. Stat. § 784.049 against all Defendants

Count X – Defamation against all Defendants

Count XI – Negligence per se against all Defendants

Count XII – Property damage against all Defendants

Count XIII – Illegal recording of telephone communication of Plaintiff against all Defendants, Fla. Stat. §§ 934.03, 934.10

Count XIV – Trespass to Real Property against all Defendants

Count XV – Hate Crime with civil remedy against disabled and advanced aged/over 65 year old combat zone veteran, mental disabled, physical disabled, Fla. Stat. § 775.0863(2)

And although not numbered counts, Plaintiff also alleges burglary and sabotage against Defendants, as well as negligence by the Lee County Port Authority and the Port Authority Police.  Furthermore, the Complaint seeks forfeiture of property in Indiana, New York, Virginia, and West Virginia (Doc. #1 at pp.1-2), and the caption states that it contains causes of action for Domestic Terror.

## Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction and are obligated to inquire about jurisdiction *sua sponte* whenever it may be lacking. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405,

410 (11th Cir. 1999) (citations omitted).  Claims properly brought in federal court pursuant to diversity jurisdiction contain matters where the parties are completely diverse with regard to citizenship and where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a); *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000). In an action filed directly in federal court, plaintiff bears the burden of adequately pleading, and ultimately proving, jurisdiction. *King v. Cessna Aircraft Co.,* 505 F.3d 1160, 1171 (11th Cir. 2007).

Here, Bernath failed to properly indicate Defendant's Extreme Seal Experience LLC's citizenship.  Instead, Plaintiff merely states it "is a Virginia Corporation." (Doc. #1, at ¶15).  A limited liability company is a citizen of every state in which one of its members is located. *Moreno v. Breitburn Florida, LLC,* No. 2:09-cv-566-FtM-29DNF, 2011 WL 2293124, at *1 (M.D. Fla. June 9, 2011) (citing *Rolling Greens MHP, L.P. v. Comcast SCH Holdings, LLC,* 374 F.3d 1020 (11th Cir. 2004)).  Plaintiff fails to allege the citizenship of each of Extreme Seal Experience's members.  Thus, the Court is not satisfied that it has federal jurisdiction to facilitate this case.  The Complaint (Doc. #1) will be dismissed without prejudice and the Court will allow Plaintiff a period of time to establish the Court's jurisdiction.  Failure to do so will result in dismissal of this action.[2]

---

[2] The Court finds no plausible basis upon which Plaintiff asserts federal question jurisdiction.

**Failure to State a Claim**

The Court also takes the opportunity to inform Plaintiff that even if he properly alleges diversity jurisdiction, continuing to plead an amendment in the same manner as the Complaint is will result in dismissal for failure to state a claim.[3]  To survive dismissal under Rule 12(b)(6), "a [c]omplaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* at 678. The issue in resolving such a motion is not whether the non-movant will ultimately prevail, but whether the non-movant is entitled to offer evidence to support his claims.  *See id.* at 678-79.

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679 (citations omitted).  Although legal conclusions can provide the framework for a complaint, factual allegations must support all claims.  *See id.*  Based on these allegations, the court will determine whether the plaintiff's pleadings plausibly give rise to an entitlement to relief.  *See id.* at 678-79.  Legal conclusions couched as factual allegations are not sufficient, nor are unwarranted inferences, unreasonable conclusions, or arguments.  *See Twombly*, 550 U.S. at 555.

---

[3] The Complaint in this lawsuit largely duplicates, in part, causes of action and factual allegations in a June 16, 2015 First Amended Complaint against Defendant Seavey filed by Bernath in an earlier-filed case in this Court, Case No. 2:15-cv-00358-FtM-99CM.

Rule 8 of the Federal Rules of Civil Procedure provides parallel pleading requirements that also must be satisfied.  Under this rule, "a pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me-accusation."  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).  Labels, conclusions, and formulaic recitations of the elements of a cause of action are not sufficient.  *See id.* at 678-79.  Mere naked assertions are also inadequate.  *See id.*  The pleadings of a pro se litigant are to be held to less stringent standards than those drafted by an attorney.  *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).  However, the *pro se* litigant must still meet minimal pleading standards.

In *Jefferson Fourteenth Assocs. v. Wometco de Puerto Rico, Inc.*, 695 F.2d 524 (11th Cir. 1983), the court held that *sua sponte* dismissals are prohibited where: (1) the defendant has not filed an answer and, thus, the plaintiff still has a right under Rule 15(a) to amend his or her complaint; (2) the plaintiff's claim is brought in good faith and is not vexatious or patently frivolous; and (3) the district court has yet to provide plaintiff with notice of its intent to dismiss the complaint and an opportunity to respond.  695 F.2d at 527; *cf. Neitzke v. Williams*, 490 U.S. 319, 330 n. 8, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989) (declining to decide whether a district court has inherent authority to *sua sponte* dismiss a complaint under Rule 12(b)(6)).  The Court in *Wometco* distinguished the complaint in that case from those that "are so patently lacking in merit as to be frivolous."  *Id.* at 526 n.3.  The Court suggested in dicta that district courts have the inherent power to *sua sponte* dismiss such frivolous suits without giving notice to the parties.  *Id.*; *see*

*also Davis v. Kvalheim*, 261 Fed. App'x 231, 234 (11th Cir. 2008) (affirming district courts' inherent authority to dismiss frivolous claims *sua sponte*).  Other courts have also taken the position that frivolous claims may be dismissed prior to the filing of an answer and without notice to the parties. *See, e.g., Tyler v. Carter*, 151 F.R.D. 537, 540 (S.D.N.Y. 1993), affirmed 41 F.3d 1500 (2nd Cir. 1994) ("A plaintiff asserting fantastic or delusional claims should not, by payment of a filing fee, obtain a license to consume limited judicial resources and put defendants to effort and expense."); *Slangal v. Getzin*, 148 F.R.D. 691, 695 (D. Neb. 1993).  *See also Jackson v. Farmers Ins. Grp./Fire Ins. Exch.*, 391 Fed. App'x 854, 856 (11th Cir. 2010) (per curiam) (defining a frivolous case as one containing "clearly baseless" factual allegations or one based on an "indisputably meritless" legal theory (citation omitted)).

Construing the Complaint liberally in light of Bernath's *pro se* status, the Court has examined the plausibility of the claims asserted by Plaintiff.  Plaintiff's Complaint in this instance is a rambling, disjointed pleading with regard to his claims against Defendants. Plaintiff strings together multiple facts addressing various topics that are impertinent, scandalous, and immaterial to the causes of action Plaintiff is attempting to allege.  (Doc. #1).  At the beginning, Plaintiff states causes of action, in bold, with no underlying facts to support the causes of action.  (Doc. #1 at 1-2).  Plaintiff does not even state a recital of the elements for a majority of the causes of action he asserts.  Rather, he just lists several causes of action without any sort of separation or underlying facts, violating Rule 10(b).  *See* Fed. R. Civ. P. 10(b) (requiring that "each claim founded on a separate transaction or occurrence - and each defense other than a denial - must be stated in a separate count or defense").  As best the Court can decipher, Plaintiff attempts to allege

elements for numerous common law causes of action, but without supporting facts, these causes of action still fail pleading requirements.  Beneath each heading are various conclusory allegations regarding certain elements of the purported claims, but in every instance Bernath fails to set forth allegations which comprise an entire, viable cause of action.  Despite the length of the Complaint, the allegations made by Bernath are neither legally adequate nor specific enough to survive dismissal.

Although this Court is lenient towards plaintiffs proceeding *pro se*, Plaintiff must, at the bare minimum, allege facts sufficient to meet the standards outlined in Rules 8 and 10 of the Federal Rules of Civil Procedure. *See Twombly*, 550 U.S. at 555 (citation omitted) (Pleading "requires more than labels and conclusions, and a formulaic recitation of the elements will not do."); *McNeil v. United States*, 508 U.S. 106, 113, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (per curiam) ("And although we are to give liberal construction to the pleadings of *pro se* litigants, we nevertheless have required them to conform to procedural rules." (citation and internal quotation marks omitted)).

### Jurisdictional Discovery

The Court notes that Plaintiff has filed a Motion to Conduct Jurisdictional Discovery and continue the Court's decision on whether it will maintain jurisdiction until after the discovery has taken place.  (Doc. #73).  The Eleventh Circuit recognizes a qualified right to conduct jurisdictional discovery. *Eaton v. Dorchester Development, Inc.*, 692 F.2d 727, 729 (11th Cir. 1982) ("jurisdictional discovery is not entirely discretionary . . . a court does

not have discretion to grant or deny a request for jurisdictional discovery [when jurisdictional facts are in dispute]).  Rather, it is appropriate to speak in terms of a qualified 'right' to jurisdictional discovery when a court's jurisdiction is genuinely in dispute."  *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 n.13 (1978).  Specifically, "[i]f the jurisdictional question is genuinely in dispute and the court cannot resolve the issue in the early stages of the litigation . . . , then discovery will certainly be useful and may be essential to the revelation of facts necessary to decide the issue." *Eaton,* 692 F.2d at 730 n.7; <u>see</u> <u>also</u> *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997). As the above precedent reflects, jurisdictional discovery is favored where there is a genuine dispute concerning jurisdictional facts; it is not an unconditional right that permits a plaintiff to seek facts that would ultimately not support a showing of personal jurisdiction. Because the Court finds that there are no relevant jurisdictional facts in dispute the request for discovery is denied.

## Conclusion

The Court is allowing Plaintiff an opportunity to amend his complaint to overcome any deficiencies.  Upon filing the Amended Complaint, the Court will *sua sponte* review it to determine whether it complies with Federal Rule of Civil Procedure 12(b)(6), which it has the inherent authority to do.  The Court informs Plaintiff that the inflammatory nature of his filings (in spite of the fact that he was once a licensed attorney) have little relevance to the causes of action he is attempting to allege.[4]  The Court will not provide Plaintiff further opportunities to engage in such tactics.  **Plaintiff is informed that failure to**

---

[4] For example, Plaintiff states in his Complaint (Doc. #1) that Defendants have tormented six veterans to self-murder (p. 29), that Seavey had sexually threatened a congressional employee (p. 65), and that Seavey is party of a gang of trained government operatives that engage in domestic terrorism (p. 72).

**comply with the above will result in dismissal of this case with prejudice and the case being closed**.

Accordingly, it is now

**ORDERED:**

(1) Plaintiff's Complaint (Doc. #1) is **dismissed without prejudice**.

(2) Accordingly, Doc. #24, Doc. #42, Doc. #67 are **denied as moot**.

(3) Plaintif's Motion to Conduct Jurisdictional Discovery (Doc. #73) is **denied**.

(4) Plaintiff shall have up to and including **November 4, 2016** to file an amended complaint in accordance with this Order.  Failure to timely file an amended complaint will result in this matter being closed.

**DONE** and **ORDERED** in Fort Myers, Florida this 23rd day of October, 2016.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record