UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DANIEL A. BERNATH,

    Plaintiff,

v.   Case No: 2:16-cv-596-FtM-99MRM

THE AMERICAN LEGION, DON SHIPLEY, DIANE SHIPLEY, EXTREME SEAL EXPERIENCE LLC, MARK CAMERON SEAVEY, TERRENCE B. HOEY, SCOTT HUGHES and JONN LILYEA,

    Defendants.

## **ORDER**[1]

This matter comes before the Court on *sua sponte* review of Plaintiff *pro se* Daniel A. Bernath's Amended Complaint (Doc. #85) filed on November 4, 2016. On October 24, 2016, the Court entered an Order dismissing Plaintiff's first Complaint (Doc. #1) for failure to state a claim and lack of subject matter jurisdiction. (Doc. #76). In that Order, the Court set forth the numerous deficiencies in Plaintiff's Complaint, allowing him the opportunity to amend to correct these deficiencies. (*Id.*) In that Order, the Court informed Plaintiff that failure to comply with the Court's Order would result in dismissal of the case

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

and the case being closed. (*Id.* at 8-9). Upon review of Plaintiff's Amended Complaint, the Court finds that it lacks subject matter jurisdiction.[2]

### Plaintiff's Amended Complaint

Accepting Plaintiff's allegations as true, Plaintiff alleges the following: In approximately December 2014, Defendant American Legion (Legion), acting in conspiracy with the other Defendants who are trained military soldiers, engaged in an investigation into Plaintiff in order to expose his "stolen valor." (Doc. #85 at ¶¶37, 42). In doing so, they have published incorrect information about Plaintiff, falsely claiming that Plaintiff has lied about his military record and committed various crimes. (*Id.* at ¶¶42-43). Plaintiff claims that Diane Shipley and Don Shipley (Shipley Defendants), operate Extreme Seal Experience, LLC (ESE), a business whereby they work to expose those who falsely claim military service. (*Id.* at ¶44). Plaintiff claims that Defendants are international and domestic terrorists. (*Id.* at ¶¶45-46).

In furtherance of their efforts, Defendants have contacted and tormented Plaintiff's family who live in the United Kingdom, as well as contacted the Scotland Yard, in an effort to defame him and "to create additional pressure on the citizens of the United States and the United Kingdom to alter the national policy of the United States and United Kingdom." (*Id.* at ¶¶47-49). Plaintiff believes that Defendants are using terrorist tactics to change the law in the United Kingdom and the United States and believe that "stolen valor must be met with death." (*Id.* at ¶¶50, 58). Plaintiff claims that Defendants have threatened to kill him and tormented him at his residence. (*Id.* at ¶¶50-55). Further, he alleges that

---

[2] Federal courts are courts of limited jurisdiction and are obligated to inquire about jurisdiction *sua sponte* whenever it may be lacking. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) (citations omitted).

Defendants have derived income from this pattern of racketeering, extortion, and terrorism. (*Id.* at ¶93).

Plaintiff also alleges that Defendants placed, or conspired to place, an explosive device on an airplane at Page Field in Fort Myers, Florida, in an effort to harm Plaintiff, in an act he calls terrorism. (Doc. #85 at ¶¶61-65). Plaintiff also alleges they tampered with and sabotaged this airplane on other occasions in 2014, 2015, and 2016, in an effort to physically harm him, which they in fact did when Plaintiff suffered burns. (*Id.* at ¶¶66-76). Plaintiff claims these acts constitute attempted homicide. (*Id.* at ¶¶84)

Further disturbing allegations are alleged in the Amended Complaint, and go on and on for 45 pages. The grave problems between the parties appear to have been ongoing for some time, which has resulted in other court cases, as well as the entry of restraining orders. Because of Defendants' actions, Plaintiff claims that he has been tormented both physically and mentally, and incurred property damage. Plaintiff's Amended Complaint (Doc. #85) brings the following counts:

> Count I – Violation of 18 U.S.C. § 2331, 2333 *et seq.*, Damaging Aircraft at Public Transportation Facility against all Defendants
>
> Count II – Violation of 18 U.S.C. § 1962(a), against Defendants Legion, Seavey, Shipleys, and ESE
>
> Count III – Negligence *per se* against all Defendants
>
> Count IV – Intentional Infliction of Emotional Distress against all Defendants
>
> Count V – Assault against all Defendants
>
> Count VI – Battery against all Defendants

### Subject Matter Jurisdiction

Counts III through VI arise under state law, and the Court has no independent federal jurisdiction to hear the claims. Plaintiff's Amended Complaint purports to allege this Court's subject matter jurisdiction based upon both federal question and diversity. With respect to diversity jurisdiction, claims properly brought in federal court pursuant to diversity jurisdiction contain matters where the parties are completely diverse with regard to citizenship and where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a); *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000). In an action filed directly in federal court, plaintiff bears the burden of adequately pleading, and ultimately proving, jurisdiction. *King v. Cessna Aircraft Co.,* 505 F.3d 1160, 1171 (11th Cir. 2007).

A.  **Diversity Jurisdiction**

Here, Defendant fails to establish complete diversity of citizenship. With respect to the individual Defendants, an individual is a citizen where he is domiciled, not necessarily where he is a resident. See *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002) ("Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction."). Domicile is the place of an individual's true, fixed, and permanent home and to which he intends to return whenever he is absent therefrom. See *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) (citations omitted). A domicile is not synonymous with a residence, and it is possible for someone to reside in one place but be domiciled in another. See *id.*

Plaintiff's Amended Complaint (Doc. #85) fails to sufficiently establish the individual Defendants' domicile for purposes of diversity jurisdiction. Plaintiff cannot rely

on Defendants' residence alone to establish citizenship properly. Plaintiff only alleges the residence of each of the Defendants. With respect to Defendant American Legion, a corporation is a citizen of both the state of its incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). The principal place of business is determined by the "nerve center" test. *Hertz Corp. v. Friend*, 559 U.S. 77 (2010). Here, Plaintiff only alleges that American Legion is headquartered in Indiana, which is insufficient.

### B. Federal Question Jurisdiction

Furthermore, the Court finds that Plaintiff has not plausibly alleged federal question subject matter jurisdiction under 28 U.S.C. § 1331, which could provide the Court supplemental jurisdiction over the state-law claims if they arise out of a common nucleus of operative facts with a substantial federal claim. 28 U.S.C. § 1367(a); *Parker v. Scrap Metal Processors, Inc.*, 468 F.3d 733, 743 (11th Cir. 2006). In its Order allowing Plaintiff to amend, the Court noted that any amendments must comply with Federal Rule of Civil Procedure 12(b)(6) and 8. (Doc. #76). Thus, construing the Amended Complaint liberally in light of Bernath's *pro se* status, the Court has examined the plausibility of the federal claims asserted by Plaintiff after he has been afforded the opportunity to amend.

Section 1331 provides district courts with subject matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Whether a claim "arises under" federal law is determined by the well-pleaded complaint rule. This rule permits federal question jurisdiction "'only when a federal question is presented on the face of a properly pleaded complaint.'" *Hill v. BellSouth Telecomm., Inc.*, 364 F.3d 1308, 1314 (11th Cir. 2004) (quoting *Smith v. GTE Corp.*, 236

F.3d 1292, 1310 (11th Cir. 2001) (citation omitted)).  Even a claim that arises under the Constitution, laws, or treaties of the United States may be dismissed for lack of subject matter jurisdiction, however, if: (1) "the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction," or (2) "such a claim is wholly insubstantial and frivolous." *Blue Cross & Blue Shield of Ala. v. Sanders,* 138 F.3d 1347, 1352 (11th Cir. 1998) (quotation omitted).  A claim is "wholly insubstantial and frivolous" so as to warrant dismissal for lack of subject matter jurisdiction only "if the claim has no plausible foundation, or if the court concludes that a prior Supreme Court decision clearly forecloses the claim." *Id.* (quotation omitted).

In this regard, Plaintiff alleges violations of the Anti-Terrorism Act, 18 U.S.C. § 2331, *et seq.* (ATA) (Count I) against all Defendants for domestic and international terrorism.  The ATA provides a civil cause of action for U.S. nationals harmed by domestic and international terrorism.  *See* 18 U.S.C. § 2333(a) ("Any national of the United States injured in his or her person, property, or business by reason of an act of international terrorism ... may sue therefor in any appropriate district court of the United States and shall recover threefold the damages he or she sustains ...."). According to the "definitions" section of the ATA, "international terrorism" means activities that:

>    (A)  involve violent acts or acts dangerous to human life that are a violation of the criminal laws of the United States or of any State, or that would be a criminal violation if committed within the jurisdiction of the United States or of any State;
>
>    (B)  appear to be intended—
>
>    >    (i)    to intimidate or coerce a civilian population;
>
>    >    (ii)   to influence the policy of a government by intimidation or coercion; or

>    (iii)   to affect the conduct of a government by mass destruction, assassination, or kidnapping; and
>
> (C)   occur primarily outside the territorial jurisdiction of the United States, or transcend national boundaries in terms of the means by which they are accomplished, the persons they appear intended to intimidate or coerce, or the locale in which their perpetrators operate or seek asylum

18 U.S.C. § 2331(1). The term "domestic terrorism" means activities that:

> (A)   involve acts dangerous to human life that are a violation of the criminal laws of the United States or of any State;
>
> (B)   appear to be intended—
>
>    (i)    to intimidate or coerce a civilian population;
>
>    (ii)   to influence the policy of a government by intimidation or coercion; or
>
>    (iii)  to affect the conduct of a government by mass destruction, assassination, or kidnapping; and
>
> (C)   occur primarily within the territorial jurisdiction of the United States.

18 U.S.C. § 2331(5). After affording Plaintiff the opportunity to amend, the Court finds that Plaintiff fails to allege any facts which state a plausible claim for violation of the ATA based upon the plain language of the statute. He has not alleged any plausible facts that would show that Defendants comprise terrorist organization who have committed any acts outlined in the ATA.

Plaintiff also allegations violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962(a) (RICO) (Count II), against the Shipley Defendants, American Legion, and ESE. RICO extends a civil cause of action for acts performed as part of an ongoing criminal organization. Plaintiff alleges that Defendants conspired to commit predicate acts by their employment of terrorism against Plaintiff for which they derived income. (Doc. #85 at ¶¶93-100). Plaintiff claims that Defendants will

continue their racketeering activity until Plaintiff surrenders the military objects which he wears.  (*Id.* at ¶¶105-07).

The RICO Act provides for civil liability.  18 U.S.C. § 1962(a)-(d).  "The four elements of civil RICO liability are (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity."  *Langford v. Rite Aid of Alabama, Inc.*, 231 F.3d 1308, (11th Cir. 2000).  "The phrase 'racketeering activity' is defined as including any act which is indictable under a lengthy list of criminal offenses, including the federal statutes prohibiting mail and wire fraud."  *Id.* at 1312.  Plaintiff in this action seeks to show that the Shipley Defendants, American Legion, and ESE committed acts of terrorism in violation of the Hobbs Act[3] and Patriot Act[4] as the requisite predicate acts for civil RICO liability.  As the Court discussed *supra*, Plaintiff has not alleged any plausible facts that would show that Defendants are a terrorist organization who have committed any acts of terrorism in violation of the Hobbs or Patriot Act, much less a pattern of such behavior.  Thus, the Court finds that the RICO cause of action has no plausible foundation.  Further, to the extent Plaintiff alleges a criminal RICO violation, his claim fails because "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."  *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973).

As indicated in its last dismissal Order (Doc. #76), the Court concludes that the Amended Complaint presents defective allegations concerning the parties' complete diversity, and it does not state a plausible federal claim.  Thus, dismissal without prejudice

---

[3] The Hobbs Act prohibits robbery or extortion, and attempts or conspiracies to commit robbery or extortion, that "in any way or degree obstruct[ ], delay[ ], or affect[ ] commerce or the movement of any article or commodity in commerce."  *U.S. v. Diaz*, 248 F.3d 1065, 1084 (11th Cir. 2001).

[4] The Patriot Act (Providing Appropriate Tools Required to Intercept and Obstruct Terrorism Acts) of 2001, Pub. L. No. 107-56, 115 Stat. 272 (2001).

for lack of subject matter jurisdiction is warranted.[5]  The allegations Plaintiff has made against the Defendants are serious, and their purported actions disturbing, but Plaintiff's recourse for such actions do not lie in this Court.

### Rule 11 Sanctions and Liability for Excessive Costs

Finally, the Court will address American Legion's Mark Cameron Seavey's (Seavey) Motions for Rule 11 and 28 U.S.C. § 1927 Sanctions.  (Doc. #81, Doc. #82). The purpose of Rule 11 sanctions is to reduce frivolous claims, defenses, or motions and to deter costly meritless maneuvers.  *Massengale v. Ray*, 267 F.3d 1298, 1302 (11th Cir. 2001).  Rule 11 requires district courts to impose appropriate sanctions, after notice and a reasonable opportunity to respond where an attorney or party submits a pleading to the court that: (1) is not well-grounded in fact and therefore has no reasonable factual basis; (2) is not legally tenable; or (3) is submitted in bad faith for an improper purpose.  *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1294 (11th Cir. 2002) (citing Fed. R. Civ. P. 11(b)). Rule 11 incorporates a subjective standard whereby the court determines whether or not a reasonable attorney in like circumstances could believe his actions were factually and legally justified.  *Kaplan v. DaimlerChrysler, A.G.*, 331 F.3d 1251, 1255 (11th Cir. 2003).

When testing conduct under Rule 11, a court may use an objective standard and examine the reasonableness of the conduct under the circumstances and what was reasonable to believe at the time the pleading was submitted.  *Custom Mfg. and Eng'g, Inc. v. Midway Servs., Inc.*, 2006 WL 4792784 * 2 (M.D. Fla. Sept. 14, 2006) (citing *Baker*

---

[5] There is a distinction between the lack of subject matter jurisdiction and the failure to state a claim upon which relief can be granted, as discussed *supra*.  *See Sanders*, 138 F.3d at 1351–52.  The former concerns the court's power to hear a plaintiff's claim, while the latter evaluates the merits (or lack thereof) of the claim. Here, the court does not assess the merits of Plaintiff's alleged federal claims, but rather considers the authority to hear the claim in light of what the Court views as a lack of any plausible foundation for them.

*v. Alderman*, 158 F. 3d 516, 524 (11th Cir. 1998)). "In making this determination a two-step inquiry is required: (1) whether the party's claims are objectively frivolous, and (2) whether the person who signed the pleadings should have been aware that they were frivolous." *Custom Mfg.*, 2006 WL 4792784 at * 2. The advisory committee notes and the text of Rule 11 itself state that Rule 11 sanctions apply to *pro se* litigants as well as attorneys. Fed. R. Civ. P. 11(b). Sanctions are warranted when a party exhibits a "deliberate indifference to obvious facts, but not when the party's evidence to support a claim is 'merely weak.'" *Riccard*, 307 F.3d at 1294 (citing *Baker v. Alderman*, 158 F.3d 516, 524 (11th Cir. 1998)).

>  Title 28, § 1927 states:
> 
>  § 1927. Counsel's liability for excessive costs
> 
>  Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927.

>  Thus, an attorney's conduct must be particularly egregious to warrant the imposition of sanctions—the attorney must knowingly or recklessly pursue a frivolous claim or needlessly obstruct the litigation of a non-frivolous claim. If the attorney's misconduct meets this high standard, the district court may order the attorney to pay the 'costs, expenses, and attorneys' fees reasonably incurred' because of the attorney's misconduct—that is, the excess costs that the attorney's multiplication of proceedings has added to the cost of the litigation.

*Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1242 (11th Cir. 2007). The Eleventh Circuit has noted that negligent conduct, standing alone, will not support a finding of bad faith under Section 1927. *Id.* at 1241.

In support of their request for sanctions, Seavey and the American Legion state that Plaintiff filed this action in bad faith and has vexatiously prosecuted this action by harassing Defendants and wholly fabricating certain claims, which conduct he continues to get away with in his numerous court cases.  Defendants further allege that Plaintiff brought the case to smear their reputation and discredit them.

Here, the Court finds that Rule 11 and Section 1927 sanctions are not warranted. Although Plaintiff's Amended Complaint failed to state a plausible claim to invoke this Court's subject matter jurisdiction, Plaintiff did attempt to set forth his claim based upon the previous direction of the Court which the Court finds was not in bad faith.

Accordingly, it is now

**ORDERED:**

(1) Plaintiff's Amended Complaint (Doc. #85) is **DISMISSED without prejudice**. The Clerk is directed to enter judgment accordingly, terminate all pending motions and deadlines and **close the file**.

(2) The American Legion's Motion for Rule 11 and 28 U.S.C. § 1927 Sanctions (Doc. #81) is **DENIED**.

(3) Mark Cameron Seavey's Motion for Rule 11 and 28 U.S.C. § 1927 Sanctions (Doc. #82) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 18th day of November, 2016.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record